IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **JAMIE WARREN** § | |
| § | |
| **Plaintiff** § | |
| § | |
| v. § | CIVIL ACTION NO.: 4:24-cv-03983 |
| § | |
| **THOMAS MURPHY,** § | |
| **AMERICAN FILMS, INC., AND** § | |
| **GROVE STREET FUNDING, INC.** § | |
| § | |
| **Defendants** § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Jamie Warren files this Original Complaint against Defendants Thomas Murphy, American Films, Inc., and Grove Street Funding, Inc. and in support hereof shows the Court as follows:

### I.  INTRODUCTION

1. The Plaintiff was employed as the Chief Financial Officer of Defendant American Films, Inc., and then as the Chief Financial Officer of Defendant Grove Street Funding, Inc. In return, the Defendants were contractually obligated to pay the Plaintiff a base salary and other benefits.

2. Defendants failed to do so and materially breached multiple contracts with the Plaintiff. When Plaintiff sought to resign her employment due to non-payment, Defendants made additional promises of payment and benefits to induce Plaintiff to continue working. Defendants broke those promises as well and Plaintiff is owed, and thus seeks damages, of $706,852.18, plus prejudgment interest, post judgment interest, reasonable and necessary attorney fees, and costs of suit.

## II.     THE PARTIES

3.      Plaintiff Jamie Warren is an individual who resides at 15519 Wooden Oak Court, Houston, Texas 77059, which is in Harris County, Texas.  Plaintiff is domiciled in and a citizen of the State of Texas within the meaning of 28 U.S.C. § 1332.

4.      Upon information and belief, Defendant Thomas Murphy is an individual who resides at 313 Dahlonega Dr., Tallahassee, Florida 32314 and is domiciled in the State of Florida. Therefore, Defendant Thomas Murphy is a citizen of the State of Florida within the meaning of 28 U.S.C. § 1332.  Defendant Thomas Murphy may be served with process at his residence, or wherever he may be found.

5.      Upon information and belief, Defendant American Films, Inc. is a Nevada corporation with its principal place of business at 7901 4th St., N., Suite 13245, St. Petersburg, Florida 33702.  Therefore, Defendant American Films, Inc. is a citizen of the State of Florida within the meaning and intent of 28 U.S.C. § 1332.  Defendant American Films, Inc. may be served with process through service to its officer, John Carty, at 7901 4th St. N., Suite 13245, St. Petersburg, Florida 33702, or at such other location where he may be lawfully found.

6.      Upon information and belief, Defendant Grove Street Funding, Inc. is a Delaware corporation with its principal place of business in Webster, Massachusetts.  Therefore, Defendant Grove Street Funding, Inc. is a citizen of the State of Massachusetts within the meaning and intent of 28 U.S.C. § 1332.  Defendant Grove Street Funding, Inc. may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, or where Thomas Murphy may be lawfully found.

## III.     JURISDICTION

**A. Subject Matter Jurisdiction**

7. This Court has diversity jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 because the Plaintiff and the Defendants are citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

**B. Personal Jurisdiction**

8. This court has personal jurisdiction over the Defendants under Tex. Civ. Prac. & Rem. Code § 17.042(1), because Defendants purposely availed themselves of the privileges and benefits of conducting business in Texas. Specifically, Defendants entered into contracts with the Plaintiff, which were to be performed in whole or in part in Texas.

### IV.   VENUE

9. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that all or a substantial part of the events or omissions giving rise to the claim occurred in this district.

10. Additionally, Section 12 of the Executive Employment Agreement dated December 1, 2023 provides that all legal proceedings concerning the agreement shall be commenced in Harris County, Texas.

11. Further, while Section 16 of the Executive Employment Agreement dated March 7, 2022 provides that legal proceedings shall be commenced in Miami-Dade County, Florida, that agreement was also performed in Harris County, Texas.

### V.   FACTUAL BACKGROUND

**A. Evidence**

12. The evidence attached hereto includes the following Exhibits, each of which is a true and correct copy and is incorporated herein:

| Exhibit A | The Executive Employment Agreement effective March 7, 2022, by and between American Films, Inc. and Jamie Warren |
|---|---|

| | |
|---|---|
| **Exhibit B** | The Press Release issued by American Films, Inc. on March 7, 2022 announcing its appointment of Jamie Warren as its Chief Financial Officer |
| **Exhibit C** | The Guarantee of Payment and Performance agreement effective May 17, 2023, by, between, and among American Films, Inc., Thomas Murphy, and Jamie Warren |
| **Exhibit D** | The September 19, 2023 notice of breach of contract issued by Jamie Warren to American Films, Inc. and Thomas Murphy, for breach of the Executive Employment Agreement of March 7, 2022 and the Guarantee of Payment and Performance Agreement of May 17, 2023 |
| **Exhibit E** | The October 13, 2023 notice of resignation with "good reason" issued by Jamie Warren to American Films, Inc. |
| **Exhibit F** | The Executive Employment Agreement effective December 1, 2023 by and between Grove Street Funding, Inc. and Jamie Warren |
| **Exhibit G** | Reconciliation of Damages showing the $706,852.18 owed to Jamie Warren |

**B. Chronological History**

1. Defendant American Films, Inc. ("AMFI") hired Plaintiff, effective March 7, 2022, to serve as its Chief Financial Officer. Exhibits A and B. In return, AMFI was to pay the Plaintiff a base salary of $215,000.00 per year, to be paid in accordance with AMFI's payroll policies. Exhibit A, § 2. As part of the compensation to Plaintiff, AMFI was also to make grants of common stock to the Plaintiff. *Id*.

2. However, beginning with payroll amounts due in December of 2022, AMFI began missing the salary payments contractually owed to the Plaintiff. In fact, AMFI failed to make salary base payments to Plaintiff for December 2022; January 2023; half of February 2023; half of July 2023; August 2023; September 2023; and October 2023 (for the period October 1 through October 13, 2023, after which Plaintiff had resigned). Exhibit G.

3. In May 2023, to induce the Plaintiff to stay employed as its Chief Financial Officer ("CFO"), AMFI and Thomas Murphy executed a Guarantee of Payment and Performance agreement effective May 17, 2023 (the "Guarantee Agreement"). The Guarantee Agreement provides that Plaintiff would be paid both the back pay owed to the Plaintiff and timely paid for

her services on an ongoing basis. The parties to Guarantee Agreement also covenanted that Plaintiff would be paid a Retention Bonus, stating "CFO is being offered a retention bonus in order to encourage CFO to remain employed with [AMFI]." Exhibit C, § 1. Thomas Murphy personally guaranteed that the Plaintiff would be paid. Exhibit C.

4. Thomas Murphy, as Guarantor under the Guarantee Agreement, made payments to the Plaintiff for half of May, 2023; June 2023; July 2023, and half of August 2023. Exhibit G. No further payments were received.

5. Thus, on September 19, 2023, Plaintiff sent notice of breach of contract to AMFI and Thomas Murphy. Exhibit D.

6. Despite Plaintiff's demand for payment, AMFI and Thomas Murphy continued to not honor their contractual obligations. As a result, Plaintiff submitted her resignation with good reason to AMFI on October 13, 2023. Exhibit E; Exhibit A, §§ 3(b),( e) (regarding "good reason).

7. Upon receiving Plaintiff's resignation, Thomas Murphy made additional promises to induce Plaintiff to stay on as CFO. Specifically, Murphy promised Plaintiff that she would be paid the back pay that was owed to her and that she would be paid going forward. Thus, Plaintiff entered into the Executive Employment Agreement dated December 1, 2023 with Grove Street Funding, Inc. Exhibit F.

8. Thomas Murphy is the Chief Executive Officer of Grove Street Funding, Inc. ("GSF"). Exhibit F, page 11.

9. Plaintiff continued to try to work with the Defendants because Defendants continued to promise they would cure their arrearages.

10. As part of those promises, in addition to entering into the December 1, 2023 Executive Employment Agreement, Exhibit F, the Plaintiff entered into a Settlement Agreement on December 4, 2023 with AMFI and Thomas Murphy (the "Settlement Agreement")[1].

11. The Settlement Agreement required Plaintiff to surrender the shares of common stock previously issued to her and required AMFI to pay her the settlement amount on or before a specified date. The Plaintiff performed her obligations under the Settlement Agreement, surrendering her shares of common stock.

12. The date for AMFI to pay the settlement amount has long since passed, and Plaintiff has been paid nothing. Thus, AMFI materially breached the Settlement Agreement. Thus, Plaintiff was forced to retain counsel and bring this suit for the monies that she is lawfully entitled to.

13. Plaintiff is owed in excess of $706,852.18 from the Defendants. A reconciliation detailing this damage is attached hereto as Exhibit G.

### VI.   CAUSES OF ACTION

***Count One:   Breach of Contract – American Films, Inc.***

14. Plaintiff incorporates the paragraphs set forth above as if fully set forth herein.

15. The Executive Employment Agreement of March 7, 2022 is a valid contract between AMFI and the Plaintiff. The Guarantee Agreement of May 17, 2023 is a valid contract between AMFI, Thomas Murphy, and the Plaintiff. The Settlement Agreement is a valid contract between AMFI, Thomas Murphy, and the Plaintiff.

16. Plaintiff performed her obligations under all the above contracts.

---

[1] The Settlement Agreement is not affixed to this Original Complaint due to a confidentiality provision. However, no payments were provided to the Plaintiff pursuant to the Settlement Agreement, and thus the Defendants materially breached the Settlement Agreement.

17. AMFI materially breached the Executive Employment Agreement of March 7, 2022 by failing to pay the Plaintiff the base salary it was contractually bound to pay.

18. AMFI materially breached the Guarantee Agreement by failing to pay the Plaintiff the base salary it was contractually bound to pay. AMFI further breached the Guarantee Agreement by failing to remit the Retention Bonus to Plaintiff.

19. AMFI materially breached the Settlement Agreement by failing to pay the settlement amount to the Plaintiff.

20. Plaintiff has been damaged by AMFI's breach of these contracts.

21. Plaintiff seeks actual damages, pre-judgment interest, post-judgment interest, reasonable attorneys' fees, and costs.

**Count Two:    Breach of Contract – Grove Street Funding, Inc.**

22. Plaintiff incorporates the paragraphs set forth above as if fully set forth herein.

23. The Executive Employment Agreement of December 1, 2023 is a valid contract between GSF and the Plaintiff.

24. Plaintiff performed her obligations under the contract by rendering services as the Chief Financial Officer for GSF.

25. GSF breached the contract by failing to pay the Plaintiff the base salary it was contractually bound to pay, and by failing to provide insurance benefits for the Plaintiff.

26. Plaintiff has been damaged by GSF's breach of contract.

27. Plaintiff seeks actual damages, pre-judgment interest, post-judgment interest, reasonable attorneys' fees and costs.

**Count Three:  Breach of Contract – Thomas Murphy**

28. Plaintiff incorporates the paragraphs set forth above as if fully set forth herein.

29. The Guarantee Agreement of May 17, 2023 is a valid contract between GSF, Thomas Murphy, and the Plaintiff.

30. Plaintiff performed her obligations under this contract by rendering services as the Chief Financial Officer for GSF.

31. Defendant Thomas Murphy materially breached this contract by failing to remit the payments he was contractually bound to pay.

32. Plaintiff has been damaged by Defendant Thomas Murphy's breach of this contract.

33. Thomas Murphy was a party to the Settlement Agreement, a guarantor thereunder.

34. The Settlement Agreement is a valid contract between AMFI, Thomas Murphy, and the Plaintiff.

35. The Plaintiff performed her obligations under the Settlement Agreement.

36. AMFI materially breached the Settlement Agreement by failing to pay the settlement amount to the Plaintiff.

37. Plaintiff has been damaged by the breach of the Settlement Agreement.

38. Thus, Plaintiff seeks actual damages, pre-judgment interest, post-judgment interest, reasonable attorneys' fees and costs.

***Count Four:   Fraud – AMFI***

39. Plaintiff incorporates the paragraphs set forth above as if fully set forth herein.

40. Defendant AMFI fraudulently induced the Plaintiff to continue serving as its Chief Financial Officer, entering into the Guarantee Agreement, assuring Plaintiff that she would be paid for her services, based on material and false representations – namely, that it would compensate the Plaintiff as it was contractually bound, and which has caused the Plaintiff to suffer damages.

41. Defendant AMFI fraudulently induced the Plaintiff to enter into the Settlement Agreement based on material and false representations – namely, that it would pay her the settlement amount and inducing her to surrender the shares of common stock previously issued to her.

42. Plaintiff reasonably and justifiably relied upon AMFI's representations and has been damaged as a result.

43. AMFI knew of the falsity of its representations when they were made. The falsity of the representations is readily apparent considering AMFI has failed to pay the Plaintiff the amounts owed.

44. Thus, Plaintiff seeks damages, including but not limited to actual and exemplary damages, pre-judgment interest on the unpaid balance, post-judgment interest, and her reasonable attorneys' fees and costs.

**Count Five:　Fraud – GSF**

45. Defendant GSF fraudulently induced the Plaintiff to enter into the Executive Agreement of December 1, 2023 based on material and false representations, namely, that it would pay the Plaintiff the base salary contracted for and that it would pay for insurance benefits for the Plaintiff.

46. Plaintiff reasonably and justifiably relied upon GSF's representations and has been damaged as a result.

47. GSF knew of the falsity of its representations when they were made. The falsity of the representations is readily apparent considering GSF has failed to pay the Plaintiff the amounts owed and failed to provide insurance to Plaintiff.

48. Thus, Plaintiff seeks damages, including but not limited to actual and exemplary damages, pre-judgment interest on the unpaid balance, post-judgment interest, and her reasonable attorneys' fees and costs.

*Count Six – Fraud – Thomas Murphy*

49. Defendant Thomas Murphy fraudulently induced the Plaintiff to enter into the Guarantee Agreement based on material and false representations, namely that he would provide the payments required of him thereunder.

50. Defendant Thomas Murphy fraudulently induced the Plaintiff to enter into the Executive Agreement of December 1, 2023 based on material and false representations, namely that GSF, which he was and is the Chief Executive Officer of, would pay the Plaintiff the contractual base salary owed to her thereunder and pay for insurance benefits for Plaintiff.

51. Defendant Thomas Murphy fraudulently induced the Plaintiff to enter into the Settlement Agreement, based on material and false representations, namely that Plaintiff would be paid the settlement amount and that he would guarantee that she would be paid the settlement amount.

52. Plaintiff reasonably and justifiably relied upon Thomas Murphy's representations.

53. Thomas Murphy knew of the falsity of his representations when they were made. Indeed, the falsity of these representations is readily apparent considering that Thomas Murphy has failed to pay the Plaintiff the amounts she is owed.

54. Thus, Plaintiff seeks damages, including but not limited to actual and exemplary damages, pre-judgment interest on the unpaid balance, post-judgment interest, and her reasonable attorneys' fees and costs.

*Count Seven - Attorneys' Fees*

55. Pursuant to Texas Civil Practice and Remedies Code § 38.001(8), Plaintiff seeks to recover the reasonable and necessary attorneys' fees and costs that she has and will continue to incur as a consequence of the Defendants' breach of contracts.

56. In accordance with Section 16(d) of the Executive Employment Agreement of March 7, 2022, if Plaintiff is the prevailing party, then she is entitled to recover her reasonable attorney's fees and costs and expenses incurred in the preparation and prosecution of this lawsuit from AMFI.

57. In accordance with Section 12(d) of the Executive Employment Agreement of December 1, 2023, if Plaintiff is the prevailing party, then she is entitled to recover her reasonable attorney's fees and costs and expenses incurred in the preparation and prosecution of this lawsuit from GSF.

## VII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Jamie Warren prays that the Defendants be summoned to appear and answer herein, and that she be granted judgment against the Defendants and that she be awarded:

a. actual damages;

b. exemplary damages;

c. pre-judgment interest;

d. post-judgment interest;

e. her reasonable and necessary attorneys' fees;

f. costs incurred as a consequence of this suit; and

g. such other relief as the Court deems equitable and just.

[*Signature block on the next page*]

Respectfully submitted,

**Johnson & Associates,
Attorneys at Law, PLLC**


By:   <u>*/s/ Christopher L. Johnson*</u>
      Christopher L. Johnson
      Attorney-in-Charge
      Texas State Bar No. 24069999
      S.D. Tex. Fed. ID: 1060247
      303 East Main Street, Suite 100
      League City, Texas 77573
      Telephone: (281) 895-2410
      Facsimile: (409) 263-1020

      **ATTORNEY-IN-CHARGE FOR PLAINTIFF**