IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JAMIE WARREN** | § | |
| | § | |
|    **Plaintiff,** | § | |
| | § | |
|    v. | § | **CIVIL ACTION NO.: 4:24-cv-03983** |
| | § | |
| **THOMAS MURPHY,** | § | |
| **AMERICAN FILMS, INC., AND** | § | |
| **GROVE STREET FUNDING, INC.** | § | |
| | § | |
|    **Defendants** | § | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants, Thomas Murphy ("Murphy"), American Films, Inc. ("American Films"), and Gove Street Funding, Inc. ("Grove Street" and together with "Murphy" and "American Films", the "Defendants"), by their undersigned counsel, file their Answer and Affirmative Defenses to the Complaint, filed by Plaintiff, Jamie Warren ("Plaintiff"), as state as follows:

### I.   INTRODUCTION

1. Defendants admit that Plaintiff was employed, during certain time periods, as the Chief Financial Officer of American Films and Grove Street. The remaining allegations contained in Paragraph 1 of Plaintiff's Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny same and demand strict proof thereof.

2. The allegations contained in Paragraph 2 of Plaintiff's Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny same and demand strict proof thereof.

## II. THE PARTIES

3. Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Complaint for jurisdictional purposes only.

4. Defendants admit the allegations contained in Paragraph 4 of Plaintiff's Complaint for jurisdictional purposes only.

5. Defendants admit the allegations contained in Paragraph 5 of Plaintiff's Complaint for jurisdictional purposes only.

6. Defendants admit the allegations contained in Paragraph 6 of Plaintiff's Complaint for jurisdictional purposes only.

## III. JURISDICTION

**A. Subject Matter Jurisdiction**

7. Defendants admit the allegations contained in Paragraph 7 of Plaintiff's Complaint for jurisdictional purposes only.

**B. Personal Jurisdiction**

8. Defendants admit the allegations contained in Paragraph 8 of Plaintiff's Complaint for jurisdictional purposes only.

## IV. VENUE

9. Defendants admit the allegations contained in Paragraph 9 of Plaintiff's Complaint for venue purposes only.

10. Defendants admit the allegations contained in Paragraph 10 of Plaintiff's Complaint for venue purposes only.

11. Defendants acknowledge the Agreement states venue is to be in Florida. Yet, Defendants stipulate to venue in this Court and admit the allegations contained in Paragraph 11 of Plaintiff's Complaint for venue purposes only.

## V.     FACTUAL BACKGROUND

**A.     Evidence**

12. Defendants admit that Exhibits A-C, and F to the Complaint are some of the documents at issue in this case as set forth in Paragraph 12 of Plaintiff's Complaint. Exhibits D, E, and G contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny same and demand strict proof thereof.

**B.     Chronological History**

1. Defendants admit that American Films hired Plaintiff on March 7, 2022. Defendants also admit Plaintiff was to be paid a salary and was to receive common stock as well. The remaining allegations contained in Paragraph 1 of this Section contain legal conclusions of law to which no response is required. To the extent a response is required, Defendants deny same and demand strict proof thereof.

2. Defendants do not have sufficient information to admit or deny the allegations contained in Paragraph 2 of this Section and thus, Defendants deny same and demand strict proof thereof.

3. Defendants admit American Films, Murphy, and Plaintiff executed a Guarantee and Payment and Performance Agreement. The remaining allegations contained in Paragraph 3 of this Section contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny same and demand strict proof thereof.

4. Defendants do not have sufficient information to admit or deny the allegations contained in Paragraph 4 of this Section and thus, Defendants deny same and demand strict proof thereof.

5. Defendants admit that Exhibit D is a letter from Plaintiff to American Films and Murphy purportedly sent on September 19, 2023. The remaining allegations contained in Paragraph 5 of this Section contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny same and demand strict proof thereof.

6. Defendants admit that Exhibit E is a letter from Plaintiff to American Films. The remaining allegations contained in Paragraph 6 of this Section contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny same and demand strict proof thereof.

7. Defendants admit that Plaintiff and Grove Street executed an Executive Employment Agreement. The remaining allegations contained in Paragraph 7 of this Section contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny the same and demand strict proof thereof.

8. Defendant admit that Murphy is the CEO of Grove Street. The remaining allegations contained in Paragraph 8 of this Section contain conclusions of law to which no response is required. Tt the extent a response is required, Defendants deny same and demand strict proof thereof.

9. Defendants do not have sufficient information to admit or deny the allegations contained in Paragraph 9 of this Section and thus, Defendants deny same and demand strict proof thereof.

10. Defendants admit that Plaintiff and Grove Street executed an Executive Employment Agreement. With regard to a purported Settlement Agreement, Defendants do not have sufficient information to admit or deny these allegations and thus, Defendants deny same and demand strict proof thereof. Furthermore, the remaining allegations contained in Paragraph 10 of this Section contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny the same and demand strict proof thereof.

11. Defendants do not have sufficient information to admit or deny the allegations contained in Paragraph 11 of this Section and thus, Defendants deny same and demand strict proof thereof.

12. Defendants do not have sufficient information to admit or deny the allegations contained in Paragraph 12 of this Section and thus, Defendants deny same and demand strict proof thereof.

13. Defendants do not have sufficient information to admit or deny the allegations contained in Paragraph 13 of this Section and thus, Defendants deny same and demand strict proof thereof.

## VI.   CAUSES OF ACTION

**Count One:  Breach of Contract – American Films**

14. Defendants incorporate their answers to the above paragraphs as if set forth fully herein.

15. The allegations contained in Paragraph 15 of this Section contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny same and demand strict proof thereof.

16. Defendants do not have sufficient information to admit or deny the allegations contained in Paragraph 16 of this Section and thus, Defendants deny same and demand strict proof thereof.

17. The allegations contained in Paragraph 17 of this Section contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny same and demand strict proof thereof.

18. The allegations contained in Paragraph 18 of this Section contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny same and demand strict proof thereof.

19. The allegations contained in Paragraph 19 of this Section contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny same and demand strict proof thereof.

20. The allegations contained in Paragraph 20 of this Section contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny same and demand strict proof thereof.

21. The allegations contained in Paragraph 21 of this Section contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny same and demand strict proof thereof.

**Count Two:  Breach of Contract – Grove Street**

22. Defendants incorporate their answers to the above paragraphs as if set forth fully herein.

23. The allegations contained in Paragraph 23 of this Section contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny same and demand strict proof thereof.

24. Defendants do not have sufficient information to admit or deny the allegations contained in Paragraph 24 of this Section and thus, Defendants deny same and demand strict proof thereof.

25. The allegations contained in Paragraph 25 of this Section contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny same and demand strict proof thereof.

26. The allegations contained in Paragraph 26 of this Section contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny same and demand strict proof thereof.

27. The allegations contained in Paragraph 27 of this Section contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny same and demand strict proof thereof.

**Count Three:  Breach of Contract – Thomas Murphy**

28. Defendants incorporate their answers to the above paragraphs as if set forth fully herein.

29. The allegations contained in Paragraph 29 of this Section contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny same and demand strict proof thereof.

30. Defendants do not have sufficient information to admit or deny the allegations contained in Paragraph 30 of this Section and thus, Defendants deny same and demand strict proof thereof.

31. The allegations contained in Paragraph 31 of this Section contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny same and demand strict proof thereof.

32. The allegations contained in Paragraph 32 of this Section contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny same and demand strict proof thereof.

33. Defendants do not have sufficient information to admit or deny the allegations contained in Paragraph 33 of this Section and thus, Defendants deny same and demand strict proof thereof.

34. The allegations contained in Paragraph 34 of this Section contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny same and demand strict proof thereof.

35. Defendants do not have sufficient information to admit or deny the allegations contained in Paragraph 35 of this Section and thus, Defendants deny same and demand strict proof thereof.

36. The allegations contained in Paragraph 36 of this Section contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny same and demand strict proof thereof.

37. The allegations contained in Paragraph 37 of this Section contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny same and demand strict proof thereof.

38. The allegations contained in Paragraph 38 of this Section contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny same and demand strict proof thereof.

**Count Four: Fraud – American Films**

39. Defendants incorporate their answers to the above paragraphs as if set forth fully herein.

40. The allegations contained in Paragraph 40 of this Section contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny same and demand strict proof thereof.

41. The allegations contained in Paragraph 41 of this Section contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny same and demand strict proof thereof.

42. The allegations contained in Paragraph 42 of this Section contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny same and demand strict proof thereof.

43. The allegations contained in Paragraph 43 of this Section contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny same and demand strict proof thereof.

44. The allegations contained in Paragraph 44 of this Section contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny same and demand strict proof thereof.

**Count Five: Fraud – Grove Street**

45. The allegations contained in Paragraph 45 of this Section contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny same and demand strict proof thereof.

46. The allegations contained in Paragraph 46 of this Section contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny same and demand strict proof thereof.

47. The allegations contained in Paragraph 47 of this Section contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny same and demand strict proof thereof.

48. The allegations contained in Paragraph 48 of this Section contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny same and demand strict proof thereof.

**Count Six: Fraud – Murphy**

49. The allegations contained in Paragraph 49 of this Section contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny same and demand strict proof thereof.

50. The allegations contained in Paragraph 50 of this Section contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny same and demand strict proof thereof.

51. The allegations contained in Paragraph 51 of this Section contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny same and demand strict proof thereof.

52. The allegations contained in Paragraph 52 of this Section contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny same and demand strict proof thereof.

53. The allegations contained in Paragraph 53 of this Section contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny same and demand strict proof thereof.

54. The allegations contained in Paragraph 54 of this Section contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny same and demand strict proof thereof.

**Count Seven: Attorneys' Fees**

55. The allegations contained in Paragraph 55 of this Section contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny same and demand strict proof thereof.

56. The allegations contained in Paragraph 56 of this Section contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny same and demand strict proof thereof.

57. The allegations contained in Paragraph 57 of this Section contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny same and demand strict proof thereof.

## VII.   PRAYER

The allegations contained in Plaintiff's Prayer for Relief Section contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny same and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim for which relief can be granted. The Complaint is an impermissible shotgun pleading, fails to incorporate required allegations with respect to Counts Five and Six, and otherwise fails to plead Plaintiffs fraud claims with the required specificity and particularity.

### Second Affirmative Defense

Plaintiff's Complaint fails to state a claim for which relief can be granted insofar as Count Seven for attorneys' fees is not an independent cause of action.

### Third Affirmative Defense

Plaintiffs claims for fraud as set forth in Counts Four, Five, and Six are barred by the economic loss rule/independent tort doctrine as the parties' relationship flowed from certain alleged contracts at issue in this case. Additionally, Plaintiff's fraud claims do not involve alleged losses separate and distinct from the claims for breach of contract.

### Fourth Affirmative Defense

Plaintiffs claims are barred based on the doctrine of impracticability since unforeseeable funding, revenue, and cash flow issues occurred at American Films and Grove Street, as well as with respect to Murphy, which prevented Defendants from paying Plaintiffs any alleged compensation that is claimed to be owed. These circumstances were beyond the control of Defendants.

### Fifth Affirmative Defense

Plaintiffs claims are barred, in whole or in part, based on the doctrine of accord and satisfaction as set forth in the alleged Settlement Agreement at issue in Plaintiff's Complaint.

### Sixth Affirmative Defense

Plaintiff's claim are barred, in whole or in part, based on a novation as set forth in the alleged Settlement Agreement at issue in Plaintiff's Complaint.

### Seventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, based on the doctrine of assumed risk. A basic assumption of the contracts allegedly at issue in this case was that American Films, Grove Street, and Murphy inherently experience cash flow, revenue, and profit issues regarding their companies. As such, Plaintiff knew of the risks and potential adverse financial possibilities that may occur.

**Eighth Affirmative Defense**

Plaintiff's claims are barred based on the doctrine of impossibility of performance. A basic assumption of the contracts allegedly at issue in this case was that American Films, Grove Street, and Murphy inherently experience cash flow, revenue, and profit issues regarding their companies. Unforeseeable funding, revenue, and cash flow issues occurred at American Films and Grove Street, and with respect to Murphy, to such an extent that Defendants could not pay Plaintiff any alleged compensation that is claimed to be owed. These circumstances were beyond the control of Defendants.

**Ninth Affirmative Defense**

Plaintiff's claims are barred based on the doctrine of frustration of purpose. A basic assumption of the contracts allegedly at issue in this case was that American Films, Grove Street, and Murphy inherently experience cash flow, revenue, and profit issues regarding their companies. Unforeseeable funding, revenue, and cash flow issues occurred at American Films and Grove Street, and with respect to Murphy, to such an extent that Defendants could not pay Plaintiff any alleged compensation that is claimed to be owed. These circumstances were beyond the control of Defendants.

**RESERVATION OF RIGHTS**

Defendants reserve the right to amend their existing Affirmative Defenses, or assert additional Affirmative Defenses, to the extent necessary or required, including as discovery progresses in this case, pursuant to the Federal Rules of Civil Procedure.

Dated: December 13, 2024

Respectfully Submitted,

| | |
|---|---|
| **SHAPIRO, BLASI, WASSERMAN & HERMANN, P.A.**<br>*Counsel for Defendants*<br>7777 Glades Road, Suite 400<br>Boca Raton, FL  33434<br>T: (561) 477-7800 ‖  F: (561) 477-7722<br><br>By: */s/ Joshua B. Alper*<br>Joshua B. Alper, Esq.<br>Florida Bar No. 59875<br>Primary E-Mail: jalper@sbwh.law<br>Secondary E-Mail: floridaservice@sbwh.law<br>*Admitted Pro Hac Vice* | **MILLS SHIRLEY L.L.P.**<br>*Counsel for Defendants*<br>2200 Market Street Ste. 300<br>Galveston, TX 77550<br>Phone/Fax: 409.761.4035<br><br>By: */s/ Andres "Andy" Soto*<br>Andres "Andy" Soto<br>Texas Bar No. 24071128<br>S.D. Texas Bar No. 1057789<br>asoto@millsshirley.com |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 13, 2024, a true and correct copy of the foregoing document has been served via email to the following:  Christopher L. Johnson, Esq., Johnson & Associates, Attorneys at Law, PLLC, 303 East Main Street, Suite 100, League City, Texas 77573 at: chris@Johnson-attorneys.com.

By:  */s/ Joshua B. Alper*
Joshua B. Alper